(121 App. Div. 652.)

### CITY REAL ESTATE CO. v. MacFARLAND et al.

(Supreme Court, Appellate Division, First Department. October 25, 1907.)

ABATEMENT—ANOTHER ACTION PENDING.

> The assignee of a mortgage, the validity of which was involved in two actions then pending against its assignor, in which all other parties in interest were before the court, will not be permitted to require the committee of an incompetent person, such committee being plaintiff in one of the actions and the incompetent person in the other, by an action to foreclose the mortgage, to litigate in defense thereof matters affirmatively averred in the actions attacking the mortgage; but such assignee will be left to its remedy in the actions then pending against its assignor.
>
> [Ed. Note.—For cases in point, see Cent. Dig. vol. 1, Abatement and Revival, §§ 39, 40, 52.]

Appeal from Special Term.

Action by the City Real Estate Company against Archibald J. MacFarland, George I. Malcom, as committee, etc., of Louisa Malcom Stenton, and others. From an order granting plaintiff's motion for leave nunc pro tunc to join Louisa Malcom Stenton and George I. Malcom, as committee of her person and property, as parties defendant, and for leave nunc pro tunc to serve the summons and complaint on them, George I. Malcom, as committee, appeals. Order reversed, and motion denied.

Argued before PATTERSON, P. J, and INGRAHAM, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

Nelson S. Spencer, for appellant.

Harold Swain (Norman Wilmer Chandler, on the brief), for respondent.

LAUGHLIN, J. If it were proper to grant leave to sue the incompetent person, it was competent for the court to make the order denying the motion to set aside the service from which an appeal has been taken, which was argued with this appeal, and to make the order allowing the service nunc pro tunc; but we are of opinion that leave should not have been granted. The action is brought to foreclose a mortgage for $45,000 on premises situate in the county of New York, made by Archibald J. MacFarland to the Farmers' Loan & Trust Company on the 13th day of December, 1905, which was assigned to the plaintiff prior to the commencement of the action. Louisa Malcom Stenton was duly adjudged an incompetent person, and George I. Malcom was duly appointed committee of her person and property, on the 22d day of November, 1906. It appears that in March, 1903, she was in possession of the premises described in the mortgage, claiming to be seised in fee thereof, and that during that month proceedings were instituted by the executor of one John Munn in the Municipal Court of the City of New York, Borough of the Bronx, to recover possession upon the ground that she was a squatter.

The affidavit of the committee presented in opposition to the motion for leave to sue shows that said Louisa Malcom Stenton executed a deed of an undivided two-fifths interest in the premises to the attorneys

employed by her to defend the summary proceedings, in consideration for their services and disbursements, covenanting that she was seised in fee simple absolute, and assuming all taxes, assessments, and water rates then a lien upon the premises; that subsequently an action in partition was brought by one of the grantees against her and the other, in which the executor of Munn was joined as a party defendant; that she was not served, but an appearance was entered for her without knowledge or consent; that the action was conducted throughout in the interests of her grantees and in disregard of her rights and interests, which were adverse to theirs; that an interlocutory judgment for a sale of the premises was entered, adjudging that she was the owner of an undivided three-fifths interest, and the referee appointed to sell was directed to pay out of the proceeds of the sale all taxes, assessments, and water rates which were liens upon the premises, and to charge against her share all of those which were liens at the time of the conveyance to her attorneys; that the premises were purchased by MacFarland for her grantee defendant, and the purchaser was allowed, in violation of the direction contained in the interlocutory judgment, to retain the sum of $45,865.65 on account of taxes, assessments, and water rates, which was the apparent amount thereof, notwithstanding the fact that, simultaneously with the execution of the referee's deed to MacFarland, he executed the mortgage to the Farmers' Loan & Trust Company, and at that time, to the knowledge of the mortgagor and mortgagee, the taxes, assessments, and water rates had been compromised with the city for $27,274.10, the amount being paid by her grantee, whom the purchaser represented; that the surplus of the purchase price was divided between her grantees upon the theory that her share was insufficient to pay her portion of the taxes, assessments, and water rates, and she therefore received nothing. It appears that during all this time she remained in undisturbed possession of the premises. MacFarland executed a second mortgage to another party on the premises to secure the payment of $6,000. This mortgage was foreclosed, and said Louisa Malcom Stenton was made a party defendant and interposed a defense. The action was thereupon discontinued as to her. She subsequently commenced an action against the mortgagees, her grantees, McFarland, and others, charging in effect that these mortgages were collusive, fraudulent, and void as to her; that the Farmers' Loan & Trust Company appeared and answered in that action, and the case is now upon the calendar awaiting trial. The committee subsequently brought a similar action against the Farmers' Loan & Trust Company and others, and after service upon it in that action the Farmers' Loan & Trust Company assigned the mortgage to the plaintiff, who brought this action to foreclose it.

The plaintiff having taken an assignment of this mortgage when its validity was involved in two actions then pending against its assignor, in which all other parties in interest were before the court, it should not now be permitted to require the committee to litigate in defense of this action, in which, for want of necessary parties, full relief may not be obtained, matters affirmatively averred by him and by the incompetent person in the others. The plaintiff having purchased a mortgage, the validity of which was then involved in litiga-

tion, should be left to its remedy to defend its rights in the actions then pending against its assignor.

It follows that the order should be reversed with $10 costs and disbursements, and motion denied, with $10 costs. All concur.

